CAUSE NO. __#  _____----------------_____

**PLAINTIFFS**

SHERYL GARNER, MY COMPANIES, AND DARRON GARNER

United States Courts
Southern District of Texas
F I L E D

FEB 25 2022

Nathan Ochsner, Clerk of Court

VS.
**DEFENDANT**
CITY OF HOUSTON POLICE DEPARTMENT
CITY OF HOUSTON MAYOR OFFICE

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT

**COMES NOW**, SHERYL GARNER, MY COMPANIES AND DARRON GARNER, hereinafter called Plaintiffs, complaining of and about the City of Houston and The Police Department hereinafter called Defendant, and for cause of action show unto the Court the following.

**I. Discovery Control**
Plaintiffs intend that discovery be conducted for the time I filed a complaint on May 22, 2021 with no follow up.

**II. PARTIES AND SERVICE**
-Plaintiffs, Sheryl Garner business at 6327 Calhoun Rd., Houston, TX 77021, and 5330 Griggs Rd., Houston, TX 77021 and 8920 Camay Drive Houston, TX 77016
-Plaintiffs Sheryl Garner and Darron Garner are individuals whose address is 3514 Charleston St., Houston, TX 77021

-Defendant, City of Houston Mayor Office,901 Bagby St.,1st Floor, Houston, TX 77002 and/or P. O. Box 1562, Houston, TX 77221 or 5320 N. Shepherd Dr., Houston, TX 77091
-Defendant, Houston Police Department with other Counties officers, 1200 Travis St., Houston, TX 77002 and/or 1900 Rusk St., 1A10, Houston, TX 77002, also HPA, 17000 Aldine Westfield, Houston, TX 77088

**III. JURISDICTION AND VENUE**
Venue is Harris County is proper in this cause under Section 15 002(a)(1) of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

On May 22, 2021 I filed a claim at the City of Houston Police Department. The officers did not give me a claim file number, so I went back the following a couple of days later. However, there were no records of my claim. There are cameras in the build, so I asked them to check because I was at the desk between 3:30 pm and 4:30 pm. Based on the past filing a complied I asked for investigation on what and how to a complaint I filed again several groups went missing.

## V. PLAINTIFFS' CLAIM OF NEGLIGENCE and WHISTLE BLOW AGAINST THE POLICE DEPARTMENT

-Defendant had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to other under circumstances similar to those described herein.
-Plaintiffs' injuries were proximately cause by Defendant's negligent, careless and reckless disregard of said duty.
-The negligent, careless and reckless disregard of duty of Defendant consisted of but is not limited to, the following acts and omissions:

^Reference case (Whitley v. Warden, 1971)

## VI. PLAINTIFFS' CLAIM OF CIVIL RIGHTS AND HUMAN RIGHTS

-Plaintiffs Civil Rights and Human Rights Acts were violated.
The City of Houston as the administrators should have ensured proper Due Process.
-The Due Process Constitutional of Rights of Equal Protection Clause 14th Amendment, 2nd Amendment.
-Anti-Trust Concerns

^Reference case (Acevedo v. Pima County Adult Probation Department, 1984)
Title 42, Section 1983 of U. S. Code Annotated

## VII. DAMAGES FOR PLAINTIFFS'

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs Sheryl Garner, my companies and Darron Garner, were caused to suffer serious of loss of wages, bodily injuries, theft, damages and to incur the following damages the stress directly interfered with work performance, high risks and liabilities for which Plaintiffs seeks relief other charges against the Plaintiffs and monetary relief of over $3,000,000.00 but not more than 21,000,000.00.

> A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs, for the
> necessary care and treatment of the injuries resulting

from the accident and/ or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges from such services in Harris County, Texas.

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future.

C. Physical pain and suffering in the past.

D. Physical pain and suffering in the future.

E. Loss of earnings in the past.

F. Loss of earning capacity which will, in all probability be incurred in the future.

G. Mental anguish in the past.

H. Mental anguish in the future.

## VIII. DEMAND For TRAIL BY JURY
Plaintiffs demands a jury trial and tenders the appropriate fee with this petition.

## IX. REQUEST FOR DISCLOSURE
Under Texas Rules of Civil Procedure 194, Plaintifffs' requests that Defendant disclose, within 30 days of the service of this request, the information or material described in rule 194.2

## X. PRAYER
WHEREFORE, PREMISES CONSIDERED. Plaintiffs, SHERYL GARNER, MY COMPANIES, AND DARRON GARNER, respectfully pray that the defendant, City of Houston Mayor Office, and Houston Police Department and other counties Officers relief information requested. The pray is the judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of first case filed against Plaintiff(s), to the first attempt to file case, and to the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Plaintiff _[signature]_
 Signature



HOUSTON POLICE DEPARTMENT

Incident No.: 152850q-20
Title: Mouya Forgery-20
Address: 3514 Charleston
Date: 11-10-20
Officer's Name: Welk/Clapton
Unit No. 10K44N
Crime Prevention: www.houstonpolice.org
Report Gang Tips: www.stophoustongangs.org