United States District Court
Southern District of Texas
**ENTERED**
September 12, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SHERYL GARNER, *et al.*, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-cv-00633 |
| § | |
| CITY OF HOUSTON POLICE § | |
| DEPARTMENT, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Sheryl Garner ("Garner"), proceeding *pro se*, brings this lawsuit against Defendants City of Houston Policy Department ("HPD") and City of Houston Mayor Office ("the Mayor's Office") alleging various constitutional and tort claims.

At the outset, I note that Garner purportedly brings this action on behalf of herself, "My Companies," and Darron Garner. *See* Dkt. 1 at 1; Dkt. 14 at 12. It is unclear whether "My Companies" is the name of a business or a reference to businesses that Garner owns. Regardless, it is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). It is also well-settled that "[u]nlicensed laymen are not permitted to represent anyone other than themselves." *In re Moody*, 105 B.R. 368, 370 (S.D. Tex. 1989). The only person that has filed anything in this proceeding is Sheryl Garner. Sheryl Garner is not a licensed attorney. Accordingly, Sheryl Garner is the only party before this court and the only plaintiff in this action.

Pending before me now is a motion to dismiss filed by HPD and the Mayor's Office. *See* Dkt. 12. Defendants argue, in relevant part, that neither HPD nor the Mayor's Office are legal entities with the capacity to sue and be sued, and therefore Garner does not have standing to bring her claims against them. *See id.* Garner filed an amalgamation of documents in response to Defendants' motion to dismiss.

*See* Dkt. 14. Defendants filed a reply in support of their motion to dismiss. *See* Dkt. 15. Five weeks later, Garner filed a sur-reply styled as a response. *See* Dkt. 18. Defendants then filed a motion to strike, *see* Dkt. 19, which is also pending before me. Having reviewed the briefing, the record, and the applicable law, I recommend that Defendants' motion to dismiss be **GRANTED** and their motion to strike **DENIED** as moot.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6)[1] allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## ANALYSIS

### A. HOUSTON POLICE DEPARTMENT

Under Rule 17(b), an entity must have the capacity to be sued. *See* FED. R. CIV. P. 17(b). Thus, for a plaintiff to sue a city department, that department must enjoy a separate legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Whether an entity enjoys a separate legal existence and, therefore, has the capacity "to sue or be sued is determined . . . by the law of the

---

[1] Defendants also move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Ordinarily, courts consider jurisdictional questions before all others. *See, e.g., Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). However, Defendants' only argument for why subject matter jurisdiction is lacking is that Garner's claims are "wholly immaterial" or "frivolous." Dkt. 12 at 6. This is just another way of saying that Garner fails to state a claim—an argument more appropriately addressed under Rule 12(b)(6).

state where the court is located." FED. R. CIV. P. 17(b). "In Texas, county sheriff's and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation . . . 'to grant the servient agency with jural authority.'" *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (quoting *Darby*, 939 F.2d at 313). It is well-settled that HPD is "a subdivision of the City of Houston and therefore does not have a separate legal identity that would allow it to sue and be sued." *Chavez v. Alvarado*, 550 F. Supp. 3d 439, 449–50 (S.D. Tex. 2021) (quotation omitted) (collecting cases). Because HPD is not a legal entity and, therefore, lacks the legal capacity to sue or be sued, Garner cannot state a plausible claim for relief against HPD.

**B.    MAYOR'S OFFICE**

Defendants argue that Garner has "plead[ed] no facts to suggest that the City of Houston Mayor's Office has [a] separate legal existence and capacity to be sued, and the City of Houston Code of Ordinances conclusively establishes it does not." Dkt. 12 at 14 (citing HOUS., TEX., CHARTER AND CODE OF ORDINANCES art. VI, § 1). I agree. Just as HPD is a department of the City of Houston lacking a separate legal existence, so too is the Mayor's Office. *See, e.g., Bogan v. Denton Cnty. Dist. Attorney*, No. 02-19-00264-CV, 2019 WL 7407738, at *1 (Tex. App.—Fort Worth Dec. 31, 2019, no pet.) (affirming dismissal of plaintiff's claims against, among others, the City of Denton Mayor's Office, because "it is a non-jural entity that lacks the capacity to be sued"). Thus, Garner cannot state a plausible claim for relief against the Mayor's Office.

**C.    MOTION TO STRIKE**

Defendants ask that I strike Garner's sur-reply to their motion to dismiss, which is styled as a "Response to Motion to Dismiss." Defendants' contention that this filing is untimely and procedurally improper is well-taken. However, even if I permit and consider Garner's sur-reply, the fact remains that HPD and the Mayor's Office are not legal entities with the capacity to sue or be sued. Accordingly, the motion to strike should be denied as moot.

## CONCLUSION

For the reasons discussed above, I recommend that Defendants' motion to dismiss (Dkt. 12), be **GRANTED**. Additionally, I recommend that Defendants' motion to strike, (Dkt. 19), be **DENIED** as moot.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 8th day of September 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE